ACCEPTED
03-13-00318-CV
4431261
THIRD COURT OF APPEALS
AUSTIN, TEXAS
3/10/2015 8:37:20 AM
JEFFREY D. KYLE
CLERK

No. 03-13-00318-CV

IN THE COURT OF APPEALS
THIRD DISTRICT OF TEXAS
AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS

3/10/2015 8:37:20 AM

JEFFREY D. KYLE
Clerk

JUAN A. MARTIN-DE-NICOLAS
APPELLANT

VS.

REX JONES
APPELLEE

APPEALED FROM THE COUNTY COURT AT LAW No. 2
OF TRAVIS COUNTY, TEXAS
CAUSE NO. C-1-CV-12-008738

OPPOSITION TO APPELLANT'S MOTION FOR EN BANC
RECONSIDERATION

RONALD L. CLARK
TBN: 04298300
1701 Directors Boulevard, Suite 920
Austin, Texas 78744
(512) 445-1592 - Telephone
(210) 394-1635 - Facsimile
ronald.clark@farmersinsurance.com
ATTORNEY FOR APPELLEE

**ORAL ARGUMENT IS NOT REQUESTED**

# IDENTITY OF THE PARTIES AND COUNSEL

Appellant – Plaintiff Below:
Juan A. Martin-de-Nicolas

Counsel
Juan A. Martin-de-Nicolas
TBN: Pro Se
5604 Woodview Avenue
Austin, Texas 78756
Tel: (512) 565-1498
Fax: None

Appellee – Defendant Below:
Rex Jones

Counsel
Ronald L. Clark
CLARK, PRICE & TREVINO
TBN: 04298300
1701 Directors Boulevard, Suite 920
Austin, Texas  78744
Tel: (512) 445-1592
Fax: (210) 394-1635
ronald.clark@farmersinsurance.com

**TO THE HONORABLE COURT OF APPEALS:**

Appellant has again filed another motion for reconsideration; this time en banc. Appellant served his motion for en banc reconsideration on or about February 17, 2015. Appellant still provides nothing new to change the Court's prior opinion in this case.

Initially, Appellant sought rehearing from the Court's August 28, 2014 opinion. Appellant's motion for rehearing was denied on January 26, 2015.

In the Court's August 28, 2014 opinion, it found no reversible error. Plaintiff's motion for en banc consideration does not bring forward any new matters or facts that could in any way be a basis for a rehearing. Appellant merely rehashes what he brought forward in his first appellate brief.

Pointing out again, Appellant was not denied any due process rights and the county court did not commit error. The Court properly found that appellant was not denied notice of any hearings. Appellant could not show any harm to him from the actions of the trial court below. Appellant tried his case in JP court and lost. He did not timely file his appeal to the county court at law, which is undisputed. Nothing done thereafter by the county court or appellee changed appellant's failure to timely meet his timetables to perfect his appeal to county court. Appellant failed to timely file his attempt to perfect his appeal. There is no document in the record that indicated appellant's intention to appeal the ruling of the justice court was ever

2

filed within the period for perfecting appeals. Appellant's motion for new trial and JNOV do not demonstrate a desire to appeal. Further, he did not file a notice of appeal within the time for filing the appeal bond as set out in the rules and case law cited by appellant. Appellant filed his bond 13 days late. There was nothing done by appellee or the county court that caused or contributed to appellant's failure to comply with the filing deadlines or to cure that failure. Exhibit A is attached as timeline for the Court.

Through exhaustive review, this Honorable Court of Appeals found no reversible error was committed by the trial court below nor were the actions of the appellee. Therefore, appellant's motion for rehearing should be in all things denied.

Respectfully submitted,

CLARK, PRICE & TREVINO


BY: _____
      Ronald L. Clark
      TBN: 04298300
      1701 Directors Boulevard, Suite 920
      Austin, Texas  78744
      Telephone: (512) 445-1580
      Facsimile: (512) 383-0503
      ronald.clark@farmersinsurance.com

      ATTORNEYS FOR APPELLEE


## CERTIFICATE OF COMPLIANCE

I certify that this document was produced on a computer using Microsoft Word 2003 and contains 845 words, as defined by the computer software's word-count function, excluding the sections of the documents listed in Texas Rules of Appellate Procedure 9.4 (i) (1)


_____
Ronald L. Clark

<u>CERTIFICATE OF SERVICE</u>

I certify that on the _10th_ day of March, 2015, a true and correct copy of the foregoing instrument was forwarded via certified mail, return receipt requested, and/or by hand delivery and/or by fax transmission and/or by regular mail, and/or by electronic service opposing counsel and to all other counsel of record of first-class regular mail.

Juan A. Martin-de-Nicolas
5604 Woodview Avenue
Austin, Texas 78756


_____
RONALD L. CLARK

EXHIBIT A

| Step | Action - Form | TRCP Rule | Deadline | Due | Done |
|------|---------------|-----------|----------|-----|------|
| 1 | Trial court renders and signs judgment | 556 | | | 07/11/12 by the court |
| 2 | Appellant files motion for JNOV and MNT | 569 | Step 1 within 5 days of rendition of judgment | 07/18/12 [excluding Sat. and Sun. per Rule 4] | 07/18/12 |
| 3 | Motion for JNOV and MNT is overruled by operation of law – Justice Court without power to sign order on MNT | 567 | Step 1 within 10 days after rendition of judgment | 07/23/12 [including Sat. and Sun. per Rule 4] | 07/23/12[1] |
| 4 | Appellant perfects *de novo* appeal to county court. Under the holding in *Searcy* -– if a party files a motion for new trial in Justice Court, there is a maximum of 20 days to file an appeal bond | 571 and 573 | Step 1 within 20 days of a judgment [10 days + 10 days] | 07/31/12 | 08/15/12 |
| 5 | Appellant perfects *de novo* appeal to county court. | 571 and 573 | Step 3 within 10 days of a judgment or order overruling MNT | 08/02/12 MNT was overruled by operation of law on 7-23-12 | 08/15/12 |

[1] The ten day period expired on July 21, 2012. However, that day was a Saturday and so any deadline is extended to the next regular weekday, or July 23, 2012.